*NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NOBLE CHRISTO EL, <br><br> Plaintiff, <br><br> v. <br><br> ATLANTIC CITY FREEHOLDERS, et al., <br><br> Defendants. | Civ. No. 22-6281 (RMB-MJS) <br><br> **MEMORANDUM OPINION** |

**IT APPEARING THAT:**

1. On or about November 3, 2022, Plaintiff Noble Christo El, a pretrial detainee confined in Atlantic County Justice Facility in Atlantic City, New Jersey, initiated this action by filing a pro se civil rights complaint. (Compl., Dkt. No. 1.)

2. On March 9, 2023, the Court granted Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), and screened his complaint for *sua sponte* dismissal under § 1915(e)(2)(B). The Court dismissed the complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a)(2), and granted Plaintiff leave to file an amended complaint.

3. Plaintiff filed a first amended complaint ("FAC") on July 21, 2023, and the Court subsequently screened the FAC for *sua sponte* dismissal under § 1915(e)(2)(B)

1

and permitted Plaintiff's Fourth Amendment unlawful search and seizure, false arrest, false imprisonment, and excessive force claims for money damages under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA") to proceed against Defendants Xzavier Evans, Kendall Washington, Miracle Mays, Matthew Laielli, Arturo Bruno, M. Lugo, and, once identified, John Doe Officer Badge #726 (the "Pleasantville Police Officer Defendants" or "Defendants").  The Court dismissed the remainder of the claims in the FAC.  The Court also directed the United States Marshals Service to serve summons and the FAC on Defendants upon Plaintiff's completion and submission of USM-285 forms for each defendant.  The Court received the completed USM-285 forms on December 28, 2023, and issued summons.

4. Plaintiff submitted what he purported was a third amended complaint[1] on January 2, 2024.  Plaintiff proceeded with service of the FAC on Defendants.

5. Process receipt and returns were submitted to the Court on January 11, 2024, showing that Arturo Bruno, Xzavier Evans, Matthew Laielli, Miguel Lugo, Miracle

---

[1] Plaintiff's "Third Amended Complaint" is his second amended complaint. Plaintiff's Third Amended Complaint describes in detail evidence and legal arguments Plaintiff intends to present in prosecution of this civil action. Allegations involving details of the evidence to be presented are not required under the federal notice pleading standard in Federal Rule of Civil Procedure 8(a)(2). Additionally, Plaintiff seeks to add a request for injunctive relief that would end or interfere with his ongoing state court criminal proceedings. The Supreme Court has directed, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris*, 401 U.S. 37, 45 (1971). Therefore, the Court will dismiss the Third Amended Complaint under Rule 8(a)(2). Plaintiff should comply with Federal Rule of Civil Procedure 15 for any future motions to amend or supplement the FAC.

2

Mays and Kendall Washington were served on what appears to be January 10, 2024 [mistakenly written as 2023] by leaving the summons and FAC with a secretary, who declined to provide her name, at Pleasantville Police Department, Pleasantville, New Jersey. Therefore, the docket in this matter reflects an answer due date of January 31, 2024. (Dkt. No. 19.)

 6. On January 29, 2024, Plaintiff submitted a letter to the Court, seeking to remove to federal court, under 28 U.S.C. §§ 1441, 1442, 1443 and 1455, the state court criminal cases initiated against him because he is a Moorish American who is not subject to state law. (Dkt. No. 20.) The request is denied because Plaintiff's jurisdictional argument is frivolous, and he otherwise failed to the unusual circumstances allowing removal of a criminal proceeding "that he is being deprived of rights guaranteed by a federal law 'providing for ... equal civil rights,'" and (2) that he has been denied or cannot enforce that right in the courts of the state." *Olick v. Pennsylvania*, 739 F. App'x 722, 724 (3d Cir. 2018) (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).

 7. On February 23, 2024, the Clerk received Plaintiff's request for Clerk's entry of default and Plaintiff's request for entry of default judgment. (Dkt. No. 21.) The Clerk entered default and denied entry of default judgment, advising Plaintiff he must file a motion for default judgment. (Dkt. No. 21.)

 8. On March 11, 2024, Plaintiff submitted a letter to the Court, asking the Court to review alleged due process violations in Plaintiff's state criminal prosecution(s). Plaintiff's recourse for alleged due process violations in state criminal proceedings, in

all but extraordinary circumstances, is to exhaust his state court appeals prior to filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Moore v. DeYoung*, 515 F.2d 437 (1975) (discussing standard for pretrial habeas petition). Therefore, Plaintiff's request is denied.

9. On March 18, 2024, the Pleasantville Police Officer Defendants filed an answer to the FAC. (Dkt. No. 24.)

10. On March 19, 2024, Plaintiff filed a motion for default judgment against Defendants. (Dkt. No. 26.)

11. On March 31, 2024, Counsel for Defendants submitted a letter brief in opposition to Plaintiff's motion for default judgment. (Dkt. No. 27.) Due to delays in insurance claims, counsel was not retained by the City of Pleasantville to represent the Pleasantville Police Officer Defendants until March 18, 2024, upon which time Counsel entered an appearance and filed Defendants' answer to the FAC. Defendants assert they have meritorious defenses, and default judgment under these circumstances would amount to a manifest injustice.

12. By letter filed on April 15, 2024, Plaintiff advised the Court he had learned Defendants filed an answer, he had not received a copy of it; and he objected to the late filing. (Dkt. No. 28.) The Court will direct Defendants to re-serve the answer to the FAC on Plaintiff by regular mail.

13. The Honorable Matthew J. Skahill, United States Magistrate Judge, entered a scheduling order for this civil action on June 17, 2024. (Dkt. No. 29.)

14. On July 29, 2024, Plaintiff filed a second motion for default judgment. (Dkt. No. 31), and a motion to strike the Court's scheduling order (Dkt. No. 32.)

15. On August 12, 2024, the Pleasantville Police Officer Defendants filed a response in opposition to Plaintiff's second motion for default judgment, but they took no position on Plaintiff's motion to strike the scheduling order, requesting only that a reasonable schedule be set by the Court. (Dkt. No. 33.)

16. On August 12, 2024, Plaintiff filed a motion for summary judgment. (Dkt. No. 34.) In his certification in support of summary judgment, Plaintiff argues the failure to timely answer is a tacit admission of the facts and claims alleged in the FAC.

17. On August 26, 2024, the Pleasantville Police Officer Defendants filed a letter brief in opposition to Plaintiff's motion for summary judgment. (Dkt. No. 35.) Defendants contend Plaintiff's motion for summary judgment is procedurally and substantively deficient under Federal Rule of Civil Procedure 56.

18. Default and Default Judgment are governed by Federal Rule of Evidence 55, which provides, in relevant part:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
>
>> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing

5

>> and who is neither a minor nor an incompetent person.
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
>> (A) conduct an accounting;
>>
>> (B) determine the amount of damages;
>>
>> (C) establish the truth of any allegation by evidence; or
>>
>> (D) investigate any other matter.
>
> (c) Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).

19. In determining whether to set aside an entry of default for "good cause" a district court must "consider the following factors: '(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct.'" *Doe v. Hesketh*, 828 F.3d 159, 175 (3d Cir. 2016) (quoting *$55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). The Third Circuit favors deciding cases on their merits over default judgments.

*Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir. 2003) (citing *$55,518.05 in U.S. Currency*, 728 F.2d at 194.))

20. Plaintiff will not be prejudiced by the short delay between the answer deadline of January 31, 2024 and March 18, 2024, when Defendants filed their answer. Defendants are not culpable for the delay in obtaining their legal representation through the City of Pleasantville, New Jersey's insurance carrier. (Dkt. No. 27.) Defendants, in their answer to the amended complaint, have set forth the defense of qualified immunity, which is a potentially meritorious complete defense to Plaintiff's civil rights claims under 42 U.S.C. § 1983. *See e.g. Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) (finding qualified immunity was potentially meritorious defense to justify vacation of entry of default). Therefore, the Court will set aside the Clerk's entry of default and deny Plaintiff's motions for default judgment.

21. Plaintiff's motion for summary judgment is, effectively, a motion for default judgment, because the only certification of undisputed fact submitted by Plaintiff is the untimeliness of Defendants' answer to the amended complaint. Plaintiff has not supported the factual assertions of his false arrest, false imprisonment and excessive force claims, as required under Federal Rule of Civil Procedure 56(c), to obtain summary judgment on his claims against the Pleasantville Police Officer Defendants. Therefore, the Court will deny Plaintiff's motion for summary judgment.

22. Having determined that it is proper to vacate entry of default and proceed on the merits of the case, the Court will deny Plaintiff's motion to strike the Court's

7

scheduling order. If the parties wish to amend the scheduling order, they may propose an amendment before the assigned Magistrate Judge.

An appropriate order follows.

Dated: **September 10, 2024**

Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
Chief United States District Judge